

FILED
JUL 15 2009
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

EARL D. BURGESS,

    Petitioner,

v.                                    2:09CV83

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

    Respondent.

## FINAL ORDER

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254. The petition alleges violation of federal rights pertaining to petitioner's convictions on July 16, 2004, in the Circuit Court for the City of Newport News, Virginia, for first degree murder, malicious wounding, and two counts of use of a firearm in the commission of a felony. As a result of the convictions, petitioner was sentenced to serve sixty-eight years in the Virginia penal system.

The matter was referred to a United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia for report and recommendation. The Magistrate Judge filed his report recommending dismissal of the petition on June 12, 2009. By copy of the report, each party was advised of his right to file written objections to the findings and recommendations made by the Magistrate Judge. The Court received from petitioner on June 14, 2009, objections to the report.

The Court, having reviewed the record and examined the objections filed by the petitioner and having made de novo findings with respect to the portions objected to, does hereby adopt and approve the

findings and recommendations set forth in the Report of the United States Magistrate Judge. Therefore, it is ORDERED that the petition be DENIED and DISMISSED on the basis of the statute of limitations and on the merits and that judgment be entered in respondent's favor.

To the extent that petitioner objects to the Magistrate Judge's findings and conclusions regarding the petition being barred by the statute of limitations, the objection is without merit. Petitioner's convictions became final on October 6, 2005. Petitioner did not seek post-conviction or other collateral review until July 9, 2007, when he filed a habeas petition in the Newport News Circuit Court. When the state petition was dismissed on September 18, 2007, petitioner did not appeal to the Supreme Court of Virginia. Petitioner's time to seek habeas review in federal court expired on October 6, 2006, and therefore, the state habeas petition filed in the Newport News Circuit Court did not toll the federal statute of limitations.

To the extent that petitioner objects to the Magistrate Judge's findings and conclusions regarding his claim of "actual innocense," the objection is without merit. The trial court heard evidence which petitioner now relies upon as "new," and the court ruled against petitioner. The trial court was in the best position to hear and assess the testimony of witnesses, and petitioner's claims are not credibly supported. The evidence is neither "new," nor does it cause the Court to conclude that jurors, upon hearing the evidence, would have come to a different decision.

To the extent that petitioner complains about his trial counsel, his complaints are, at best, merely argumentative. Examination of the record reveals that counsel was prepared to, and did, impeach

2

witnesses presented by the Commonwealth. At the conclusion of the trial, the jurors chose to believe the Commonwealth's witnesses and found petitioner guilty. The record reveals no evidence of deficient representation by counsel, nor was petitioner's case prejudiced. The jury simply chose not to believe petitioner.

Petitioner may appeal from the judgment entered pursuant to this Final Order by filing a written notice of appeal with the Clerk of this Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510, within thirty days from the date of entry of such judgment. Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, the Court, pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, declines to issue a certificate of appealability. See Miller-El v. Cockrell, 537 U.S. 322, 336 (U.S. 2003).

The Clerk shall mail a copy of this Final Order to petitioner and to counsel of record for the respondent.

/s/
Raymond A. Jackson
United States District Judge

**UNITED STATES DISTRICT JUDGE**

Norfolk, Virginia
July 14, 2009

3